# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:03cr13

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ROLANDER YARBAROU GRICE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (#75) and Motion for Reconsideration of Detention Order (#76), and the government's Response to Defendant's Motion for Reconsideration of Detention Order (#77). Having reviewed the pleadings, the court issues the following Order:

1. **§ 2255 Motion to Vacate**

Defendant filed a Motion to Vacate on August 20 and contends that his underlying conviction under 18 U.S.C. § 922(g)(1) is now invalid in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The court has conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) and 28 U.S.C. § 2255, and finds that defendant has asserted a claim for habeas corpus relief, which may be cognizable under § 2255(a). Because defendant remains under the provisions of this court's judgment, having committed a third violation while under supervised release, and defendant is therefore "in custody under sentence of a court" and satisfies the in-custody requirements of § 2255(a). The court further finds that jurisdiction is proper under § 2255(f). See 28 U.S.C. § 2255(f)(2)-(4).

**2. Motion for Reconsideration of Detention Order**

Defendant filed a Motion for Reconsideration following the court's Order of Detention Pending Trial (#74), in which the court found that "Defendant has not carried burden under FRCRP 32.1(a)(6). He has significant criminal history and two prior revocations of supervised release." Following the court's Order, defendant's counsel petitioned the court for relief under <u>Simmons</u>, <u>supra</u>. In response, the government clarified its position: it does not concede that defendant is entitled to <u>Simmons</u> relief but acknowledges that defendant's criminal history "does have an issue that implicates <u>Simmons</u>." Resp., pp. 1-2. The parties agree that defendant may be released on bond pending his supervised release violation and have submitted proposed conditions.

The court has reviewed the Order of Detention Pending Trial and finds that Judge Cayer appropriately ordered detention, in light of defendant's criminal history and two prior instances of supervised release violations. Having considered the evidence set forth in defendant's § 2255 motion, and in accordance with 18 U.S.C. § 3145 and Rule 32.1(c)(1), Federal Rules of Criminal Procedure, the court will grant defendant's Motion for Reconsideration and delegates Judge Cayer to determine a set of conditions which will reasonable ensure the appearance of defendant as required as well as the safety of any other person and the community.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The United States is ordered to file an expedited Answer or other responsive pleading to defendant's § 2255 petition for relief on or before September 3, 2012;

2. Defendant's Motion for Reconsideration of Detention Order (#76) is **GRANTED** and the undersigned delegates Judge Cayer to determine a set of

conditions which will reasonably ensure the appearance of defendant at future proceedings as well as the safety of any other person and the community.

Signed: August 30, 2012

Max O. Cogburn Jr.
United States District Judge